**BAYER CO., Inc., v. SEIN.**

**No. 3259.**

Circuit Court of Appeals, First Circuit.

Feb. 15, 1938.

Edward S. Rogers, of New York City (Rogers, Ramsay & Hoge, of New York City, and Thomas Hunt and Gaston, Snow, Hunt, Rice & Boyd, all of Boston, Mass., on the brief), for appellant.

L. E. Dubon, D. Guerrero Noble, and Dubon & Ocheteco, all of San Juan, Puerto Rico, for appellee.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

MORTON, Circuit Judge.

This is an appeal from a decree of the federal District Court of Puerto Rico which dismissed a bill brought to enjoin infringement of complainant's trade-mark and for unfair competition. Jurisdiction rests on diversity of citizenship with the requisite amount in controversy. The ground on which the motion to dismiss was allowed is stated by the District Judge in his opinion as follows:

"The authorities generally hold that cases of this character depend upon the peculiar circumstances of each case. It is difficult to establish a controlling precedent. I am satisfied that the bill and exhibits attached thereto show that the trade-mark adopted and used by the defendant does not infringe the registered trade-mark of complainant, and that a proper case of unfair competition is not set out. The exhibits attached to the complaint negative the existence of either infringement of the trade-mark or unfair competition."

The bill of complaint filed on January 12, 1937, alleged that the Bayer Company owns a trade-mark on various kinds of medicines and chemicals put out by it including aspirin; that this trade-mark was registered in Puerto Rico in 1934; that the trade-mark had been used continuously in Puerto Rico and elsewhere as applied to aspirin and its compounds and to other medicines since January, 1895; that the distinguishing feature of the trade-mark is the word "B A Y E R" in the form of a cross; that round tablets of aspirin on which this cross was stamped had been sold in Puerto Rico by the plaintiff for more than ten years; that they had been extensively advertised there and a valuable business and good-will in respect to them had been established; that during this period the plaintiff had sold in Puerto Rico such tablets of aspirin in cartons marked "Bayaspirina," similar tablets composed of aspirin and caffein, in cartons marked "Cafiaspirina," and similar tablets composed of aspirin and phenacetine in cartons marked "Fenaspirina"; that these tablets all were stamped with the Bayer cross on one side and with letters indicating their composition on the reverse side; that in each case

white cartons were used, those in which the aspirin tablets were sold having black printing on the long sides and the ends; that those in which tablets of aspirin and caffein were sold had red printing on the sides and on the ends, and those in which tablets of aspirin and phenacetine were sold had green printing on the sides and on the ends. In each case the "Bayer" cross was printed on the ends of the cartons in a color appropriate to the printing on the carton. Each carton contained 100 tablets and each tablet was inclosed in a transparent envelope sealed and appropriately printed. The bill further alleges that the tablets so packaged and marked were extensively sold; that the public, many of whom are unable to read and write, became familiar with the complainant's products in this form. It was explained in argument that the cartons were often displayed on counters and show cases, and that customers frequently bought only a single tablet.

The bill charges that the defendant with the intention of misleading the public and passing off his goods as those of the complainant began in 1936 to distribute similar round tablets of aspirin, aspirin and caffein, and aspirin and phenacetine in cartons closely resembling, in shape, size, and color, those of the plaintiff, each tablet being also inclosed in a transparent envelope resembling those of the plaintiff; that the defendant stamped on each tablet in the form of a cross the word "SEINL," resembling the Bayer cross; that the printing on defendant's cartons was black for aspirin, red for aspirin and caffein, and green for aspirin and phenacetine, similar to the colors on the complainant's cartons; that many purchasers were deceived by the defendant's imitation of the complainant's tablets and packaging, and bought the defendant's goods supposing them to be those which they had previously purchased made by the plaintiff; that in September, 1936, the defendant attempted to register as a trade-mark the Seinl cross above referred to, but his application was denied; that the defendant was requested to desist from infringing the plaintiff's trade-mark and from unfair competition, but continued as before. There are the usual allegations of irreparable injury and loss and of intentional deception and unfair competition.

The exhibits annexed to the bill (cartons, inclosures, and tablets) bear out these allegations. The cartons closely resemble each other in shape, size, and color, the only noticeable difference being in the printing; the plaintiff's cartons are printed in rather large type "Bayaspirina" in black, "Cafiaspirina" in red, "Fenaspirina" in green on the long sides of the cartons accompanied by the Bayer cross. The defendant's cartons are printed in somewhat smaller letters, "Aspirina," "Aspirina y Cafeina," and "Aspirina y Fenacetina," respectively, accompanied by the Seinl cross. The colors are substantially the same as the colors put out by the plaintiff. On the ends of the plaintiff's cartons is the Bayer cross printed in the appropriate color. On the ends of the defendant's cartons is the Seinl cross in corresponding colors. The tablets are identical except that on the obverse the plaintiff's are stamped with the "Bayer" cross, and the defendant's with the "Seinl" cross; on the reverse, the complainant's tablets are stamped "aspirin" in a straight line, the defendant's, "aspirin" in a curved line around the circumference. The transparent envelopes are the same, and are difficult to distinguish except on close examination.

We are unable to agree with the District Judge that such close imitation of the form and packaging of a competitor on the same goods, as here alleged and shown by the exhibits, does not make a prima facie case of trade-mark infringement and unfair competition. On the allegations of the bill, for nearly forty years the plaintiff has been selling aspirin with the Bayer cross stamped on each round tablet, and for more than ten years before the defendant began to sell aspirin and aspirin preparations in the present form, the plaintiff had adopted and used the packaging and dress which the defendant appears to have imitated in almost every particular. The imitation is so close, including even the distinguishing colors adopted by the plaintiff, that it might well be found deceptive to an ordinary purchaser; it cannot be said, we think, that it could not be of that character. A prima facie case was stated of infringement of the plaintiff's trade-mark and unfair competition.

The decree of the District Court is vacated and the case is remanded to that court for further proceedings not inconsistent with this opinion; the appellant recovers costs of appeal.